## OSGOOD *v.* JONES.

The court decline to act as judges of the election of a county treasurer before ascertaining and declaring the result of the returns.

Motion, for a recount of the votes cast for treasurer of this county at the last election, and for a trial of the question whether the plaintiff or the defendant was elected. The motion was made by the plaintiff at this term, before the result of the town-clerks' returns was declared.

*Chandler* and *Mugridge*, for the plaintiff.

*Chase & Streeter*, for the defendant.

DOE, C. J.  The votes cast in a town-meeting are counted and publicly declared by the moderator.  G. L., c. 31, s. 9.  And as he can count and declare only the votes of his own town, the result of the moderators' counts of the votes cast for county officers in all the towns of a county is necessarily found by some tribunal from some evidence of the moderators' official declarations.  The statute makes it the duty of the court to ascertain this result from the town-clerks' returns.  G. L., c. 24, ss. 3, 4, 5.  This statute requires us to find and declare, not who are elected, but who appear by the returns to be elected.  It imposes the ordinary duty of a canvassing board, and not the duty of judges of the election.  By this and other statutory provisions, both duties are assigned to the same persons; but the law does not require the latter duty to be performed before the former.  And, without examining the question of our power to grant the plaintiff's motion at this time, we deem it inexpedient to make the investigation asked by him before the declaration of the result of the returns.  At some time after that declaration the plaintiff will have an adequate remedy for any error that can be corrected, in a proceeding requiring the performance of the duty of judges of the election.  Until the returns are combined and declared, we decline to go beyond the duty of a canvassing board.

*Motion denied.*

All concurred.